UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE ALAN THEUT,

    Petitioner,                                           Case No. 15-cv-13680
                                                      Hon. Matthew F. Leitman

v.

RANDALL HAAS,

    Respondent.

_____/

**OPINION AND ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS (ECF #1), DENYING A CERTIFICATE OF APPEALABILITY, DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL, AND VACATING ORDER TO SHOW CAUSE (ECF #3)**

**INTRODUCTION**

Michigan prisoner Dale Alan Theut ("Petitioner") has filed a pro-se petition for a writ of habeas corpus (the "Petition") in which it appears that he seeks to challenge his state convictions for assault, resisting, obstructing a police officer, and third-degree fleeing a police officer which were imposed following a jury trial in the St. Clair County Circuit Court. (*See* ECF #1.) Petitioner was sentenced as a fourth habitual offender to concurrent terms of 10 to 15 years and 20 to 50 years imprisonment on those convictions in 2012.[1]  In his Petition and attached

---

[1] In the Petition, Petitioner also references a driving with a suspended license conviction and sentence. However, it does not appear that Petitioner is in custody for that conviction.

1

documents – which are long and difficult to follow – Petitioner appears to raise multiple claims, including those related to the state court's personal and subject matter jurisdiction, his contractual, property, and travel rights, and the purported unlawful nature of his seizure, arrest, and imprisonment.

Upon preliminary review and screening, the Court construed the Petition as one brought pursuant to 28 U.S.C. § 2254 and ordered Petitioner to show cause why the Petition should not be dismissed for failure to comply with the one-year statute of limitations applicable to habeas actions and for failure to exhaust Petitioner's state court remedies (the "Show Cause Order"). (*See* ECF #3.) On November 9, 2015, Petitioner filed a reply to Show Cause Order.[2] (*See* ECF #5.) That reply, which is difficult to follow, asserts jurisdictional issues, but does not appear to address the timeliness or exhaustion problems associated with the Petition. Accordingly, for the reasons stated herein, the Court now dismisses the Petition for failure to comply with the applicable one-year statute of limitations and for failure to exhaust state court remedies. The Court also denies a certificate of appealability and denies Petitioner leave to proceed in forma pauperis on appeal.

## ANALYSIS

**A.     Construction of the Petition**

Petitioner states that he is bringing the Petition pursuant to 4 U.S.C. § 100e.

---

[2] The Court vacates the Show Cause Order based on Petitioner's timely response.

(*See* ECF #1 at 1, Pg. ID 1.) However, regardless of the statutory label Petitioner places on the Petition, habeas petitions brought by state prisoners like Petitioner are governed by 28 U.S.C. § 2254. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475 (1973) (habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of confinement). Accordingly, the Court will construe the Petition as one brought pursuant to 28 U.S.C. § 2254.

B.	**Timeliness of the Petition**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Absent tolling, a habeas petition filed outside the proscribed time period must be dismissed. *See Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002). "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's federal habeas petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

A preliminary question in this case is whether Petitioner has complied with the applicable one-year statute of limitations in AEDPA. Petitioner was sentenced on his state convictions for assault, resisting, obstructing a police officer, and third-degree fleeing a police officer on November 26, 2012. Because Petitioner did not pursue a direct appeal of those convictions in the state courts, the convictions became final, at most, sixth months later on or about May 26, 2013, when the time for filing a delayed application for leave to appeal with the Michigan Court of Appeals expired. *See* Mich. Ct. R. 7.205(G)(3). Accordingly, Petitioner was

required to file his federal habeas petition on or before May 26, 2014.[3] But Petitioner did not file his instant Petition until October 14, 2015[4] – more than a year after the expiration of the one-year limitations period. (*See* ECF #1.) Simply put, the Petition was filed too late. Petitioner has not argued that the limitations period actually expired on some other date or that the limitations period should have been tolled for any reason. The Petition must therefore be dismissed.

C.      **Exhaustion of State Court Remedies**

The Petition fails for a second, independent reason: Petitioner has failed to exhaust his state court remedies. Before proceeding in federal court, a state prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust available state court remedies. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair

---

[3] If Petitioner had properly filed an application for state post-conviction relief or other collateral review, the time during which such an application was pending would not have counted toward this one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). Here, Petitioner submitted a state habeas petition to the Michigan Court of Appeals on June 5, 2013. That state petition, however, was returned to Petitioner based upon his failure to pay required filing fees and was never resubmitted. Consequently, it was never properly filed and did not serve to toll the limitations period. *See Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (application is properly filed when its "delivery and acceptance are in compliance with the application laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee"); *see also Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001).

[4] Petitioner dated the Petition and the attached materials "October 10, 2015" and "October 12, 2015." (*See* ECF #1 at 20, Pg. ID 20.)

opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Here, Petitioner has failed to allege or establish that he has properly exhausted state court remedies as to any of his listed habeas claims. Petitioner has not indicated that he presented his potential habeas claims to all levels of the state courts on either direct appeal or collateral review of his convictions and sentences. Accordingly, the Petition must also be dismissed for failure to exhaust available state court remedies.

## CONCLUSION

For all of the reasons stated above, the Show Cause Order is **VACATED** and Petition is **DISMISSED WITH PREJUDICE**.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed in forma pauperis on appeal as an appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 13, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 13, 2015, by electronic means and/or ordinary mail.

s/Shawna C. Burns
Case Manager
(313) 234-5113